Opinion issued February 12, 2009


 








 






In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-07-01055-CR

____________


HERBERT GEORGE FARNSWORTH, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 184th District Court

Harris County, Texas

Trial Court Cause No. 1068837





 

MEMORANDUM OPINION


 Appellant, Herbert George Farnsworth, appeals a judgment that convicts him
for the murder of his wife, Shannon Farnsworth. See Tex. Penal Code Ann. § 19.02 
(Vernon 2003). Appellant pleaded guilty to the jury, which found true the special
issue by determining that he caused Shannon's death under the immediate influence
of sudden passion arising from an adequate cause and assessed his sentence at 15
years in prison. In his sole issue, appellant contends the trial court erred in the
punishment phase of trial by admitting unduly prejudicial autopsy photographs. We
conclude the trial court's admission of the photographs was proper. We affirm.

Background

 After he was served with a petition for divorce, appellant shot Shannon in the
chest, killing her while she lay in bed. Appellant confessed to the offense, claiming
that he shot her after she laughed at him about divorcing him. He pleaded guilty to
murder, requested that the jury make an affirmative finding on sudden passion, and
asked for community supervision.

 In the punishment phase of trial, the State presented the testimony of Dr.
Stephen Wilson, a medical examiner at the Harris County Medical Examiner's Office. 
Over appellant's objection that the photos were inadmissible under rule 403 of the
Texas Rules of Evidence on the ground that they were overly prejudicial, (1) the court
admitted six photographs taken of Shannon at the medical examiner's office. 

 The photos showed Shannon as she appeared in the morgue prior to autopsy. 
Exhibit 14 was of her face. Exhibit 15 showed the bullet wound into her naked chest. 
Exhibit 16 and 17 were close-ups of the single bullet wound. Exhibit 18 showed the
naked back with an exit bullet wound above her naked buttocks. The medical
examiner explained that the red tint to the skin shown on the photo was due to
dependent lividity caused by the blood underneath the skin flowing to the location. 
Exhibits 19 and 20 were close-ups of the single exit bullet wound. 

 Without objection, the court admitted the autopsy report for the examination
done on Shannon. The doctor also testified without objection about the autopsy, as
follows:

 Again, the entrance wound appears here on the chest, near the
chest. The bullet passed through the sternum; that's the breast bone
right here in the center of the chest. So, it passed through the breast
bone or sternum. It passed through the heart, primarily on the right side
of the heart. Then the bullet passed through the left diaphragm; that's
the muscle that separates the chest from the abdomen. So, it passed
through the heart, the left diaphragm, then it passed through the left lobe
of the liver, then the bullet passed through the stomach, then it passed
through the tip of the pancreas, then finally it passed through all those
organs; it passed through the sternum, the heart, the left diaphragm, the
liver, the tip of the pancreas, and the left kidney. Then it passed through
the muscle here on the left back and then exited as we saw in the
previous photograph. So, the entrance wound is here, right here on the
upper chest near the center. The exit wound is here on the lower left
back. So, the bullet passing right to left, front to back, through the body,
downward. 

The doctor's testimony was short, lasting only 15 pages in the record, with no cross-examination by appellant's attorney.

 Autopsy Photographs

 Appellant contends that the trial court erred by admitting into evidence autopsy
photographs marked as Exhibits 14 to 20. Appellant asserts the trial court improperly
overruled his rule 403 objection because the prejudicial effect of the photographs 
outweighed their probative value. Appellant claims that because he pleaded guilty
and the autopsy report was in evidence, the photos had "zero probative value." 
Appellant specifically challenges Exhibits 15, 16, and 17 by asserting they are all
close up shots of the same entry wound, and Exhibits 18, 19, and 20 by asserting they
are all close-up shots of the same exit wound. According to appellant, "all of the
photos are gruesome, close-up, color photographs which were displayed on the
court's large screen television, detailing the complainant's facial disposition, her
naked breast and buttocks, as well as the effect of the autopsy on her body."

 The State responds that the photographs depict nothing more than the reality
of the brutal crime appellant committed. The State explains the photos were taken
before the autopsy was performed, as they do not show markings or incisions caused
by the autopsy. The State asserts the photographs do not show any blood, and show
only the complainant's face, naked breasts, and naked buttocks. 

 We review decisions by the trial court to admit photographs for abuse of
discretion. See Torres v. State, 71 S.W.3d 758, 760 (Tex. Crim. App. 2002);
Chamberlain v. State, 998 S.W.2d 230, 237 (Tex. Crim. App. 1999). We will not
reverse a trial court's ruling unless that ruling falls outside the zone of reasonable
disagreement. Burden v. State, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001). 
Therefore, we address appellant's evidentiary challenge by determining whether the
trial court's ruling was outside the zone of reasonable disagreement. See id. 

 Although relevant, evidence may be excluded if its probative value is
substantially outweighed by the danger of unfair prejudice. Tex. R. Evid. 403. A
rule 403 analysis by the trial court should include, but is not limited to, the following
factors: (1) the probative value of the evidence; (2) the potential of the evidence to
impress the jury in some irrational, but nevertheless indelible way; (3) the time that
the proponent needs to develop the evidence; and (4) the proponent's need for the
evidence. Erazo v. State, 144 S.W.3d 487, 489 (Tex. Crim. App. 2004); Reese v.
State, 33 S.W.3d 238, 240-41 (Tex. Crim. App. 2000). 

 Concerning the first factor, we determine that the photos have some probative
value. The photos show visually what the medical examiner testified to without
objection. Thus, they are probative in that they depict a visual reference for the
verbal description of the cause of death that the medical examiner testified to without
objection. 

 Appellant contends that because appellant admitted his guilt, the photos have
no probative value. However, the photos were probative of the sentence to be
assessed by the jury for the offense. The Code of Criminal Procedure provides that
when a defendant pleads guilty to the offense for sentencing by the jury, the jury may
consider the facts of the underlying offense. See Tex. Code Crim. Proc. Ann. art.
37.07 § 3(a) (Vernon Supp. 2008). In considering the facts of the underlying offense,
the photos would assist the jury in understanding the appropriate sentence to assess
for the act done by the appellant. We conclude the photos have probative value and
the first factor weighs in favor of admitting the exhibits. 

 The second factor requires that we examine the potential of the evidence to
impress the jury in some irrational way. In the guilt-innocence stage, autopsy
photographs are generally admissible unless they depict mutilation of the victim
caused by the autopsy itself. Salazar v. State, 38 S.W.3d 141, 150-51 (Tex. Crim.
App. 2001) (quoting Rojas v. State, 986 S.W.2d 241, 249 (Tex. Crim. App. 1998)). 
These photos do not show any mutilation caused by the autopsy. They are not
gruesome and depict no internal organs or blood. The photos show how Shannon's
body appeared when it first arrived at the medical examiner's office, before the
medical examiner conducted his examination. The photos show only where the bullet
entered and exited her body, as her body appeared unclothed but prior to any physical
alterations by the medical examiner. This factor weighs in favor of admission.

 The third factor also weighs in favor of admission because presentation of the
photographs constituted only a few pages in the record. The entire testimony by the
medical examiner took only 15 pages in the record and the photos took only a small
portion of that time. 

 The fourth factor asks about the State's need for the evidence. This factor
weighs slightly in favor of the State. Although the photographs depict what is
conveyed in the verbal testimony and autopsy report, they communicate facts in an
alternative way through visual explanation. The photos are therefore necessary in
the sense that they are an alternate way of conveying information to the jury. 
Although the photos are unnecessary for establishing appellant's guilt, they show his
handiwork, which would be necessary for the jury's consideration in deciding his
punishment by examining the full extent the injuries he caused Shannon. The injury
to Shannon could be weighed by the jury as it considered appellant's request for
community supervision. The fourth factor weighs in favor of the State. Because the four factors support admission of the evidence, we conclude the
trial court did not abuse its discretion by admitting the photographs under these
circumstances. See Saldano v. State, 232 S.W.3d 77, 101-02 (Tex. Crim. App. 2007)
(holding rule 403 did not bar admission of autopsy photographs that helped explain
medical examiner's testimony and "depict[ed] what appellant caused and what verbal
testimony properly described").

 We overrule appellant's sole issue.

Conclusion

 We affirm the judgment of the trial court.





 Elsa Alcala

 Justice


Panel consists of Chief Justice Radack and Justices Alcala and Hanks.


Do not publish. Tex. R. App. P. 47.2(b).
1. See Tex. R. Evid. 403.